OPINION *Page 2 
{¶ 1} On August 18, 2006, appellee, the Stark County Department of Job and Family Services, filed a complaint for temporary custody of Mercedes Gerber born January 19, 2005, and Makayla Gerber born January 17, 2006, alleging the children to be dependent, neglected, and abused. Mother of the children is appellant, Danielle Gerber; father is Jeremy Gerber. By judgment entry filed October 27, 2006, the trial court found the children to be dependent and granted temporary custody of the children to appellee.
 {¶ 2} On July 19, 2007, appellee filed a motion for permanent custody based upon the parents' failure to comply with the case plan. A hearing was held on September 24, 2007. By judgment entry filed October 2, 2007, the trial court granted permanent custody of the children to appellee. Findings of fact and conclusions of law were filed same date.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF THE GERBER CHILDREN TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES BECAUSE ITS DETERMINATION THAT REASONABLE EFFORTS TO ASSIST THE PARENT TO COMPLETE THE CASE PLAN AND THAT THE DEPARTMENT USED REASONABLE EFFORTS TO PREVENT THE REMOVAL OF THE CHILD WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 3 
 II {¶ 5} "THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF THE GERBER CHILDREN TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES BECAUSE ITS DETERMINATION THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 III {¶ 6} "THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF THE GERBER CHILDREN TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES BECAUSE ITS DETERMINATION THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 IV {¶ 7} "THE TRIAL COURT ERRED BY GRANTING THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES MOTION TO QUASH APPELLANT'S SUBPOENA FOR CASEWORKER JENNIFER LAUTZENEHEISER'S `NOTES AND ANY AND ALL OTHER REPORTS AND RECORDS REGARDING THE GERBER CHILDREN'."
 I, II {¶ 8} These assignments of error challenge the trial court's decision to award permanent custody to appellee. Specifically, appellant claims appellee did not make reasonable efforts to re-unify her with her children, and the trial court erred in *Page 4 
determining the children could not be placed with her in a reasonable amount of time. We disagree.
 {¶ 9} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279.
 {¶ 10} R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows:
 {¶ 11} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 12} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside *Page 5 
the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 13} "(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section2151.353 of the Revised Code.
 {¶ 14} "(3) The parent committed any abuse as described in section2151.031 of the Revised Code against the child, caused the child to suffer any neglect as described in section 2151.03 of the Revised Code, or allowed the child to suffer any neglect as described in section2151.03 of the Revised Code between the date that the original complaint alleging abuse or neglect was filed and the date of the filing of the motion for permanent custody.
 {¶ 15} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child. *Page 6 
 {¶ 16} "(16) Any other factor the court considers relevant."
 {¶ 17} We note at the outset Mr. Gerber did not appeal the trial court's decision. Further, neither appellant nor Mr. Gerber appeared at the permanent custody hearing. Efforts were made to locate appellant because her counsel stated she had been subpoenaed for jury duty. T. at 4. A call was placed to the jury commission, and it was discovered that appellant had been excused. T. at 5.
 {¶ 18} It is uncontested that Mr. Gerber failed to comply with the case plan. T. at 14-15.
 {¶ 19} Appellee first became involved with the family because of a domestic abuse report involving Mr. Gerber and one of the children. T. at 10. A case plan for reunification was filed requiring appellant to submit to parenting evaluation by Northeast Ohio Behavioral Health, complete parenting skills classes with Goodwill Industries, complete a psychological evaluation and follow all recommendations, and submit to substance abuse assessment with Quest Recovery Services. T. at 12-13. As a result of the Northeast Ohio Behavioral Health evaluation, appellant was found to be at high risk based upon a diagnosis of borderline personality disorder. T. at 13, 45. Appellant did not appear for nor follow through with treatment. T. at 13-14. Appellant tested positive for both cocaine and marijuana, but did not follow through with drug treatment because she felt it was unnecessary. T. at 14-15, 38. There were three incidents since the start of the case wherein appellant left Mr. Gerber because of domestic abuse, and each time appellant returned to Mr. Gerber. T. at 15, 38-39. Appellant resided with her mother who had abused appellant as a child. T. at 16. Appellant has not maintained a job for more than two months. Id. *Page 7 
 {¶ 20} Jennifer Lautzenheiser, the family's caseworker, testified although appellant's interactions with her children during supervised visits have always been appropriate, appellant lacked the ability to protect her children because of the continuous domestic violence in her relationships. T. at 18, 38-39.
 {¶ 21} Amy Thomas, a psychology assistant with Northeast Ohio Behavioral Health, testified appellant had definite mood swings, and individual counseling and the Renew program (for domestic violence and substance abuse) were recommended. T. at 44-47. Ms. Thomas was concerned about the on-going episodes of domestic violence, and that appellant was unable to provide her children with a safe environment. T. at 48-49. More than likely, it would take more than six months to resolve the issues presented. T. at 50.
 {¶ 22} From our review of the evidence, we find from the initial complaint on August 18, 2006 to the hearing date of September 24, 2007, appellant had sufficient time to complete the case plan. Appellant was offered Northeast Ohio Behavioral Health assessment and services through Renew and Quest, yet she failed to follow through on the recommendations and treatments. She continually exposed herself to an abusive environment, even after appellee became involved with the family because of a domestic abuse report involving Mr. Gerber and one of the children. We find the evidence established that appellant failed in her case plan and made no effort to comply with the recommendations for treatment, and reasonable efforts and time were given to appellant to complete the plan.
 {¶ 23} Assignments of Error I and II are denied. *Page 8 
 III {¶ 24} Appellant claims the trial court erred in determining that permanent custody to appellee was in the best interest of the children. We disagree.
 {¶ 25} R.C. 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. R.C. 2151.414(D) sets out the factors relevant to determining the best interest of the child. Said section states relevant factors include, but are not limited to, the following:
 {¶ 26} "(1) The interaction and interrelationshiop of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 27} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 28} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 29} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 30} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child." *Page 9 
 {¶ 31} Ms. Lautzenheiser testified the children are very bonded to their foster parents and very well adjusted in the foster home. T. at 55. The foster parents are interested in adopting the children. T. at 54. During the supervised visits with appellant, the children seemed more attached to the foster mother than appellant. T. at 55. The children are in need of permanency and stability. T. at 56. Appellant's failure to appear at the hearing established her lack of commitment to the children.
 {¶ 32} From our review of the evidence, we find the trial court was correct in determining the best interest of the children was best served by placing them in appellee's permanent custody.
 {¶ 33} Assignment of Error III is denied.
 IV {¶ 34} Appellant claims the trial court erred in granting appellee's motion to quash her subpoena for Ms. Lautzenheiser's notes and any and all reports regarding the Gerber Children. We disagree.
 {¶ 35} Civ.R. 45 governs subpoenas. Subsection (C)(3) states the following:
 {¶ 36} "(3) On timely motion, the court from which the subpoena was issued shall quash or modify the subpoena, or order appearance or production only under specified conditions, if the subpoena does any of the following:
 {¶ 37} "(a) Fails to allow reasonable time to comply;
 {¶ 38} "(b) Requires disclosure of privileged or otherwise protected matter and no exception or waiver applies;
 {¶ 39} "(c) Requires disclosure of a fact known or opinion held by an expert not retained or specially employed by any party in anticipation of litigation or preparation for *Page 10 
trial as described by Civ. R. 26(B)(4), if the fact or opinion does not describe specific events or occurrences in dispute and results from study by that expert that was not made at the request of any party;
 {¶ 40} "(d) Subjects a person to undue burden."
 {¶ 41} In its September 20, 2007 motion to quash, appellee claimed the "caseworker notes and all other reports and records regarding the Gerber Children" had been provided to appellant's counsel via discovery. On August 14, 2007, appellee had filed supplemental discovery which included the requested records, although it was noted that the records had not been received yet. On August 15, 2007, at appellee's request, the trial court filed ex parte orders releasing any and all reports and records regarding the Gerber Children case to appellee from Northeast Ohio Behavioral Health, Affinity Medical Center, Renew, Akron Children's Hospital, Melymbrosia, and Quest Recovery Prevention Services. Clearly, appellant was afforded the records she had requested.
 {¶ 42} In her proffer to the trial court regarding the subpoena for the records, appellant's counsel stated the following:
 {¶ 43} "The Department realizes early on, in the case that um . . . the children would be adopted and I think it directly goes to reasonable efforts made by the Department specifically, the caseworker. And um . . . continuing in reasonable efforts to assist my client, in the case plan. Due to just the adoption possibility and the Department, that I believe the records would show that the Department facilitate more of the adoption process rather than helping the client." T. at 7. *Page 11 
 {¶ 44} After discovery via ex parte orders obtained by appellee's counsel, we fail to find any error in the trial court's quashing of the subpoena which would have been duplicative of the discovery provided by appellee. Further, the original filing involved an investigation of a domestic abuse report. R.C. 5153.17 states the following:
 {¶ 45} "The public children services agency shall prepare and keep written records of investigations of families, children, and foster homes, and of the care, training, and treatment afforded children, and shall prepare and keep such other records as are required by the department of job and family services. Such records shall be confidential, but, except as provided by division (B) of section 3107.17
of the Revised Code, shall be open to inspection by the agency, the director of job and family services, and the director of the county department of job and family services, and by other persons upon the written permission of the executive director."
 {¶ 46} R.C. 2151.421(H)(1), which governs the reporting of injury or neglect, states the following:
 {¶ 47} "Except as provided in divisions (H)(4) and (M) of this section, a report made under this section is confidential. The information provided in a report made pursuant to this section and the name of the person who made the report shall not be released for use, and shall not be used, as evidence in any civil action or proceeding brought against the person who made the report. In a criminal proceeding, the report is admissible in evidence in accordance with the Rules of Evidence and is subject to discovery in accordance with the Rules of Criminal Procedure."
 {¶ 48} No evidence of a formal request to appellee's executive director for Ms. Lautzenheiser's notes is within the record sub judice. *Page 12 
 {¶ 49} From our review of the record, we find the trial court did not err in granting appellee's motion to quash.
 {¶ 50} Assignment of Error IV is denied.
 {¶ 51} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division, is hereby affirmed.
 By Farmer, J. Hoffman, P.J. and Wise, J. concur. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division, is affirmed. *Page 1